(Nos. 76-CV-1564, 76-CV-1565 cons.—▮▮▮▮▮

*In re* APPLICATION OF NANCY M. HANSEN.

*Order filed November 5, 1980.*

STEPHEN YOST, for Claimant.

TYRONE C. FAHNER, Attorney General (WENDY WEIDBERG, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on December 13, 1974. Nancy M. Hansen, wife of the deceased victim, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

On January 2, 1979, this Court entered an Order denying said claim, because the above incident is not one of the violent crimes specifically set forth under section 2(c) of the Act.

Claimant filed a motion for reconsideration with the Court, and said motion was assigned to Commissioner Leo J. Spivak for a hearing.

The hearing was commenced on June 27, 1979. The essential facts outlined hereafter were stipulated and a briefing schedule established. Subsequently, Claimant filed his brief, the Attorney General filed his Response and Claimant filed his reply.

The basic facts are uncontroverted:

1. Claimant and her husband were driving in their automobile when struck head-on by an individual who was completely intoxicated at the time. After the collision the other party attempted to flee and was apprehended by police.

2. Claimant's husband was killed in the collision. He left as total dependents Claimant and their two minor children now aged 9 and 15.

3. Claimant had filed several civil actions—(i) under the "Dramshop Act", (ii) against the police officer and (iii) against the other driver. Actions described under (i) and (ii) were settled for a gross sum of $60,000 pursuant to a covenant not to sue.

This Court has uniformly taken the position that the Illinois Crime Victims Compensation Act is not applicable to unintentional motor vehicle offenses, as not being a "crime of violence" within section 2(c) thereof. A case previously decided which appears to be on all fours with the case at bar is *In re Stevens*, 75-CV-276. Similar conclusions were drawn in *In re Smith*, 76-CV-978; *In re Heckey*, 76-CV-940; *In re Sirley*, 77-CV-289; *In re Claro*, 77-CV-68; *In re Gary*, 76-CV-1345; *In re Mathais*, 76-CV-310; and *In re Colemen*, 75-CV-54.

Furthermore, Claimant's cause must be defeated

under the provision of section 10 dealing with the State's right of subrogation (a) and claims against the proceeds of suit, settlement, etc. against the "assailant".

For the foregoing reasons it is ordered that the Claimant's petition be and the same is hereby denied and the cause dismissed with prejudice.